UNITED STATES, Appellee,

v.

Jason M. ABRAMS, Private, U.S. Marine Corps, Appellant.

No. 98–0784.
Crim.App. No. 96–1714.

U.S. Court of Appeals for the Armed Forces.

Argued March 2, 1999.

Decided May 21, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant Dale O. Harris*, JAGC, USNR (argued); *Lieutenant Albert L. Di Giulio*, JAGC, USNR.

For Appellee: *Lieutenant Commander JoAnn W. Melesky*, JAGC, USN (argued); *Colonel Kevin M. Sandkuhler*, USMC and *Commander Eugene E. Irwin*, JAGC, USN (on brief); *Commander D.H. Myers*, JAGC, USN.

Judge CRAWFORD delivered the opinion of the Court.

At a general court-martial by military judge alone, appellant was found guilty of pandering (2 specifications) and of soliciting another to engage in prostitution, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Pursuant to a pretrial agreement, appellant pleaded guilty to 1 specification each of use and possession of marijuana, as well as unauthorized absence,[1] in violation of Articles 112a and 86, UCMJ, 10 USC §§ 912a and 886, respectively. He was sentenced to a dishonorable discharge, total forfeitures, and 3 years' confinement, all within the parameters of the pretrial agreement. The convening authority approved; and the Court of Criminal Appeals affirmed in an unpublished opinion dated April 13, 1998 (1998 WL 238601).

We granted review of the following issue:

WHETHER APPELLANT HAS BEEN DENIED HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS AND HIS SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE BECAUSE

---

1. The initial charge was desertion terminated by apprehension under Article 85, UCMJ, 10 USC § 885.

THE MILITARY JUDGE FAILED TO SEAL AND ATTACH TO THE RECORD OF TRIAL, THE PERSONAL [sic] RECORDS OF SEAMAN [P], USN, THE GOVERNMENT'S PRIMARY WITNESS AGAINST APPELLANT FOR CHARGE III AND THE ADDITIONAL CHARGE.

For the reasons set out below, we remand the case to the Court of Criminal Appeals so that the records in dispute may be provided to that court for its consideration.

On June 7, 1993, appellant was found guilty at a special court-martial of 12 specifications of unauthorized absence, and 1 specification of marijuana use, in violation of Articles 86 and 112a, UCMJ, 10 USC §§ 886 and 912a, respectively. He was adjudged a bad-conduct discharge, partial forfeitures, 75 days' confinement, and reduction to the lowest enlisted grade. The convening authority approved the sentence and partially suspended the confinement.

The unauthorized absence which resulted in this general court-martial began on July 8, 1993, and was terminated when the Honolulu Police Department and Naval Criminal Investigative Service apprehended appellant on May 3, 1995, a period of over 21 months. Appellant apparently remained in Honolulu and set up civilian residence there during that period under a different name. During that period, appellant allegedly acted as "pimp" for his live-in girlfriend, Toni H., and, at least for a week, for Seaman P.

As part of its pretrial discovery, defense counsel requested the military records for Seaman P, the Government's key witness on the pandering and solicitation charges. The Government opposed the defense request, citing Mil.R.Evid. 401, Manual for Courts-Martial, United States (1998 edition), and RCM 703(f), Manual, *supra.* In response to a Defense Motion to Compel Discovery, the Government pointed out at trial that it had already informed defense counsel that it would willingly "turn over any adverse counseling entries" as well as the non-judicial punishment under Article 15, UCMJ, 10 USC § 815, in Seaman P's record that she had received for her performance as a prostitute in relation to the charges facing appellant.

In his motion before the military judge, defense counsel proffered that he knew that Seaman P had been to therapy prior to entering the military and needed to see her whole record to determine if there was anything more in her file that could be used to impeach her credibility. The military judge ruled that defense counsel had not

made any kind of threshold showing that what may be in there would be necessary and relevant to the defense, and because of that, I'm going to take a look at that myself, and I'll decide what you get at that point. If there is something that may become relevant on down the line, I will keep that in mind, and we'll release that if it becomes appropriate during the case in chief. At this point, as far as I'm concerned, it's simply curiosity on the part of the defense as to what may be in there, and that is not a basis for me to order the government to produce that document to the defense.

For some unknown reason, the records reviewed by the military judge were never attached to the record of trial.

## DISCUSSION

RCM 703(f)(1) states that "[e]ach party is entitled to the production of evidence which is relevant and necessary." Relevant evidence is defined under Mil.R.Evid. 401 as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable tha[n] it would be without the evidence." Relevant evidence is defined as "necessary when it is not cumulative and when it would contribute to a party's presentation of the case in some positive way on a matter in issue." RCM 703(f)(1), Discussion.

Given these standards, the military judge may have been well within his discretion to determine that the defense proffer was insufficient and deny the motion to compel discovery. We can well understand his respect for the confidentiality of another servicemember's personnel records and his interest in not opening them up to a blanket fishing expedition. However, once the military

judge determined that he would look at the records *in camera*, effectively conditionally denying the motion, it became incumbent upon him to do certain things.

Although the military justice system prides itself on its very open discovery, the Rules for Courts–Martial provide for the regulation of discovery by the military judge. RCM 701(g). The "military judge may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." RCM 701(g)(2). To ensure a good balance between an accused's right to a fair trial, judicial efficiency, and confidentiality considerations, the military judge has such tools as *in camera* reviews, and protective or modifying orders at his disposal. *Id.*

In addition, there are particular rules which apply to evidence which may be especially privileged from disclosure. Mil. R.Evid. 505 applies to classified information and Mil.R.Evid. 506 applies to non-classified government information, disclosure of which would be "detrimental to the public interest." Non-classified information covered by the latter includes "official communication [sic] and documents and other information within the custody or control of the Federal Government." Mil.R.Evid. 506(b).

On the facts of this case, it is clear that Mil.R.Evid. 505 does not apply and it is unnecessary to decide whether personnel records for an individual seaman fall within the scope of Mil.R.Evid. 506. However, it is important to note that, like RCM 701, both rules provide for *in camera* reviews by the military judge, as well as protective orders or partial disclosure in order to achieve the best balance between needed confidentiality and the accused's right to a fair trial.

What these various rules also make clear is that once reviewed *in camera* by the military judge, the evidence must "be sealed and attached to the record" to facilitate appellate review. Mil.R.Evid. 506(i)(4)(D) and RCM 701(g)(2). RCM 1103 governs preparation of the record of trial. Though it does not explicitly provide for sealing and attaching records reviewed under the above circumstances, RCM 1103(b)(3)(B) requires that any exhibits "marked for and referred to on the record but not received in evidence" be attached. Furthermore, RCM 1103(h) and 1104(b)(1)(D) regulate preparation and dissemination of records of trial which include classified information.

"Failure to comply with [RCM 1103](b)(2) does not necessarily require reversal. Rather, an incomplete or non-verbatim record ... raises a presumption of prejudice which the Government may rebut." Drafters' Analysis, Manual, *supra* at A21–77. In *United States v. Gray*, 7 MJ 296, 298 (CMA 1979), this Court held that the threshold the Government must meet is substantial essentially because "what is of concern here is not the sufficiency of the record for purpose of review, but with the statutory command regarding the type of record that must be made of courts-martial proceedings." In *United States v. McCullah*, 11 MJ 234, 236–37 (CMA 1981), this Court recognized that an "insubstantial" omission fails to raise that presumption of prejudice. We must approach the question of what constitutes a substantial omission on a case-by-case basis. *Cf. United States v. Toledo*, 15 MJ 255, 257 (CMA 1983).

*United States v. Gray, supra,* offers some helpful guidance for applying this standard to the case at bar. There, omission of a sidebar conference at the court-martial rendered the record non-verbatim and resulted in a remand to the Court of Military Review. Quoting *United States v. Sturdivant*, 1 MJ 256, 257 (CMA 1976), we noted that "[n]ot every sidebar conference must be recorded verbatim, but one involving a ruling by the judge affecting the rights of the accused at trial must be fully recorded. . . ." 7 MJ at 298. Since "[t]he Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination," *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (plurality opinion), omission from the record of trial of the evidence at issue here could have affected appellant's rights.

In fact, the Supreme Court has found that evidence used for impeachment purposes—appellant's proposed potential use here—can be just as important to a defendant's right to a fair trial as that used substantively. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend."). Furthermore, "[i]n *United States v. Bagley*, 473 U.S. 667 [676], 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Court rejected any distinction between exculpatory and impeachment evidence for purposes of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)." *Ritchie*, 480 U.S. at 65 n. 2, 107 S.Ct. 989 (Blackmun, J., concurring in part and concurring in the judgment).

The Rules for Courts–Martial and of Evidence, as well as this case law, are instructive both taken as a whole and individually. What the military judge should have done, at a minimum, once he determined that he would review Seaman P's records *in camera*, was seal the documents and attach them to the record so that appellate review could proceed. In addition, the military judge could have allowed defense counsel to review the documents under a protective order so that he could make a more informed proffer and thereby possibly allow the military judge to make a more enlightened decision on the defense motion.

The military judge failed to seal and attach the disputed records, however, making proper appellate review impossible. We cannot review the omission for its substantiality or for a violation of *Brady v. Maryland, supra,* because we have no records to review. We can only determine that there may have been something in Seaman P's records that could have been helpful for impeachment purposes and that failure to disclose this information may have violated appellant's rights. *See United States v. Charles*, 40 MJ 414, 418–19 (CMA 1994).

In addition, we do not agree with the court below, 1998 WL 238601, that appellant's failure to "request the obvious remedy of requesting us to order the records attached for ... review" indicates "that no substantial right" was affected. Unpub. op. at 8. Indeed, the fact that defense counsel failed to renew his proffer or make a request at the court-martial that the records reviewed be sealed or attached, and did not object to the records' absence from the authenticated record makes no difference upon our ultimate conclusion that we cannot review the military judge's decision because the records have not been sealed and attached to the record of trial.

So that adequate appellate review may be performed, we remand this case to the lower court with an order that Seaman P's records be produced to the court below, which may include an appropriate protective order to appellate counsel to preserve her privacy. *See, e.g., United States v. Avery*, 48 MJ 408 (1997).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further proceedings in light of the augmented record. Thereafter, the record of trial will be returned directly to this Court.