# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class KELVIN I. L. O'SHAUGHNESSY
### United States Air Force

## ACM 38732

## 5 May 2016

Sentence adjudged 21 August 2014 by GCM convened at Ellsworth Air Force Base, South Dakota. Military Judge: Gregory O. Friedland (arraignment) and Vance H. Spath.

Approved Sentence: Bad-conduct discharge, confinement for 60 days, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Colonel Katherine E. Oler; Captain Tyler B. Musselman; and Gerald R. Bruce, Esquire.

Before

MITCHELL, MAYBERRY, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MAYBERRY, Judge:

At a general court-martial composed of officer and enlisted members Appellant was convicted, contrary to his pleas, of one charge and one specification each of sexual assault and abusive sexual contact, in violation of Article 120 UCMJ, 10 U.S.C. § 920. Appellant was acquitted of one specification of abusive sexual contact. The court sentenced Appellant to a bad-conduct discharge, confinement for 60 days, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as

adjudged but deferred the adjudged forfeitures from 14 days after sentence was announced until action.

On appeal, Appellant contends that the mental health records of RS, Appellate Exhibit VII, are incomplete thereby render the record of trial incomplete. Accordingly, Appellant asserts that he was denied due process under the Fifth Amendment[1] when this court failed to examine the entire record of trial and that he was further denied due process under the Fifth Amendment due to appellate counsel's inability to review the complete mental health records, resulting in counsel's inability to provide effective assistance of counsel. We disagree and affirm the findings and sentence.

Prior to filing his assignment of errors, Appellant moved this court to compel the production of "the entirety of the mental health records for Ms. RS." Appellant asserted that the presence of an arrow in the margins of one page of the records contained in the mental health records "indicates there is more information contained on the back side or additional pages." Appellant's position is that facially it appears the mental health records as provided to the Government, and eventually the military judge, were incomplete. Appellant maintained that the incomplete record prohibited his counsel from determining whether there was some prejudice or harm to Appellant and this court was unable to conduct its review pursuant to Article 66, UCMJ.

This court denied the motion to compel, applying the four-prong standard for post-trial discovery set out in *United States v. Campbell*, 57 M.J. 134, 138 (C.A.A.F. 2002). This court held that Appellant had failed to meet his threshold burden of demonstrating some measure of appellate inquiry was warranted in this matter. First, he had not demonstrated that the claimed "additional" records exist. Appellate Exhibit VII was reviewed in camera by the military judge at trial, and later provided to both trial and trial defense counsel. Additionally, their respective expert consultants were authorized to review the documents. RS was interviewed by trial defense counsel and testified in findings and sentencing but there was no showing that trial defense counsel inquired about the handwritten arrow or questioned the completeness of the record at trial. Finally, since Appellant had not filed an assignment of errors at the time of his motion, he had not provided a sufficient showing of relevance to a claim of error or defense and this court was unable to determine whether there was a reasonable probability that the result of the proceeding would have been different if this information had been disclosed (assuming it exists). Additional facts necessary to resolve this issue are discussed below.

The sole error now claimed by Appellant is that the record of trial is incomplete as a result of the existence of this extraneous mark contained on one page of the sealed mental health records. Appellant's requested relief is that either the conviction be set aside or the bad-conduct discharge be disapproved.

---

[1] U.S. CONST. amend. V.

*Record of Trial—Is it Complete?*

The issues of whether a record of trial is complete and a transcript is verbatim are questions of law that we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). The lack of a verbatim transcript and an incomplete record are two separate and distinct errors. *United States v. Gaskins*, 72 M.J. 225, 230 (C.A.A.F. 2013).

We first address the issue of whether the transcript is verbatim; it is. Article 54(c)(1), UCMJ, 10 U.S.C. § 854(c)(1), requires a "complete" record of the proceedings and testimony to be prepared for any general court-martial resulting in a punitive discharge. A "complete" record must include the exhibits that were received in evidence, along with any appellate exhibits. Rule for Courts-Martial (R.C.M.) 1103(b)(2)(D)(v). The "missing" appellate exhibit page(s) solely raise the issue of whether the record is complete. The threshold question is whether the missing exhibits are substantial, either qualitatively or quantitatively. *Davenport*, 73 M.J. at 377. Omissions may be quantitatively insubstantial when in light of the entire record the omission is "so unimportant and so uninfluential . . . that it approaches nothingness." *Id.* (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

Where a record is missing an exhibit, this court evaluates whether the omission is substantial. *United States v. Henry,* 53 M.J. 108, 111 (C.A.A.F. 2000). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* Whether an omission is insubstantial is a "case-by-case," fact based inquiry." *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). If the omission is substantial, thereby raising a presumption of prejudice, the Government may rebut the presumption by reconstructing the missing material. *United States v. Lovely*, 73 M.J. 658, 676 (A.F. Ct. Crim. App. 2014).

Based upon the evidence in the record of trial, Appellate Exhibit VII includes every page provided to the military judge for his in camera review. We note that the record of trial is silent as to the number of pages provided to the judge.[2] We also note that the mental health records were not sealed at the time they were provided to the military judge. However, there was no objection or comment of any kind made by any party when this fact was announced in open court by the Special Victim's Counsel (SVC). Additionally, while the trial counsel indicated on the record that they had procured the mental health records, it was the SVC who provided them to the military judge, stating on the record that his client had them in her possession. The military judge took possession of the documents and indicated that he would "identify page numbers later." After his in camera review of the documents, the military judge held that there was nothing material or necessary to the

---

[2] The only estimate as to the number of pages is offered by the trial counsel during the closed hearing on the Defense Motion to Compel Mil. R. Evid. 513 records. Trial counsel indicates that the records have been secured, and indicates the number of pages is "bordering [on] maybe 100 or so."

defense and did not provide the records to either party; they remained sealed. The military judge forewarned the SVC that if there was victim impact evidence presented during the sentencing phase, assuming there was a sentencing phase, this issue would likely resurface. The SVC acknowledged that possibility and advised that he had discussed it with his client.

In the sentencing phase of the trial, the SVC requested that RS be allowed to make an unsworn statement. Again, the military judge discussed the possibility of this allowing access by counsel to the mental health records. The record of trial references that over the evening recess, the military judge decided to provide access to the mental health records and sent an email to the parties notifying them of his decision. On the record the next day the military judge states "both sides have a copy."[3] RS provided an unsworn statement to the court. In rebuttal, the defense offered a single page from those records as Defense Exhibit R, without objection from the SVC or the Government. This document was admitted and sealed. The page offered was neither the page containing the arrow, nor the other pages of the mental health records containing information on this same subject matter.[4] The Government did not call RS or offer any surrebuttal.

The record of trial contains no further discussion regarding the content of the mental health records in Appellate Exhibit VII. The Master Index for the record of trial does not indicate the number of pages contained in Appellate Exhibit VII, nor does the cover sheet of the envelope containing the exhibit. The only quantitative description of the records was by the trial counsel, when he opined that they bordered on 100 pages. There are in fact 12 pages. However, in so far as the mental health records were in the possession of the SVC and trial counsel had not seen them, his assessment can best be characterized as an estimate designed to guide the military judge's decision as to how long it would take him to review the material.

Appellate Exhibit VII contains a "Release of Confidential Information Authorization Form" signed by RS on 12 August 2014, authorizing release of the entire contents of her mental health records to her SVC. There is no evidence before us to support that the mental health records provided to the military judge differ in any way from the documents contained in Appellate Exhibit VII. Both Appellant's counsel and this court have access to the entire original record of trial. The record of trial in this case is complete.

Assuming arguendo the presence of an arrow in the margin signifies that additional pages of mental health records exist, this court must determine whether the omission is substantial. *Lovely*, 73 M.J. at 676. These records only affect the sentencing phase of the

---

[3] The record of trial does not contain the email, and the transcript contains no additional explanation as to how the sealed matters were provided to the counsel. We consider this to be analogous to a Rule for Courts-Martial 802 session and remind military judges and counsel that such matters should be included in the record orally or in writing.

[4] To avoid unnecessarily disclosing the content of privileged mental health records, this court deliberately confines our description of the narrative on that page to be administrative in nature. Furthermore, the same subject matter is present on two other pages.

trial because they only became relevant after RS provided victim impact evidence. Appellant subsequently offered a portion of one page of the records. Having examined the contents of the page with the arrow, even if that arrow refers to additional matters found on the back of the same page or an additional page, we are convinced those matters would be insubstantial with respect to sentencing. We find that if additional records exist related to the subject matter proximate to the arrow, their omission is insubstantial. In this case the omission was insubstantial both qualitatively, because the substance of the omitted testimony presumably relates directly to the subject matter proximate to the arrow, and quantitatively, since the subject matter is addressed in other portions of the mental health records. That information is not relevant to the subject matter of RS's victim impact evidence.

Finally, we reevaluate the propriety of post-trial discovery using the Campbell factors. *Campbell*, 57 M.J. at 138. Our assessment is unchanged regarding the factors that Appellant has not made a colorable showing that the evidence exists or that the evidence, if it exists, was discoverable at the time of trial had the trial defense counsel raised the issue with the military judge, the individual who provided the copies, or RS herself. Given that Appellant has not asserted any error other than the speculation that the record of trial is incomplete, this court finds that any potential additional information is not relevant to an articulated claim or defense and there is no reasonable probability that the result of the proceeding would have been different if the putative information had been disclosed.

The record of trial is complete. Appellant's counsel had the benefit of reviewing the entire record of trial and was able to provide effective assistance. We are able to conduct a thorough and detailed appellate review of this case and have done so.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court