# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––––––

**No. ACM S32441**

––––––––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Matthew J.T. PACHECO**
Senior Airman (E-4), U.S. Air Force, *Appellant*

––––––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 20 March 2018

––––––––––––––––––––––

*Military Judge:* Mark F. Rosenow.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, forfeiture of $1,044.00 pay per month for 3 months, reduction to E-1, and a reprimand. Sentence adjudged 1 November 2016 by SpCM convened at Hill Air Force Base, Utah.

*For Appellant:* Lieutenant Colonel Judith A. Walker, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Cara J. Condit, USAF; Major Meredith L. Steer, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the Court, in which Senior Judge HARDING and Judge HUYGEN joined.

––––––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

––––––––––––––––––––––

SPERANZA, Judge:

A military judge sitting as a special court-martial found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement, of violating a lawful general order by wrongfully using salvia and marijuana on separate occasions, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, 100 days of confinement, forfeiture of "$1,044.00 pay per month for 100 days," reduction to E-1, and a reprimand. Consistent with the terms of the pretrial agreement, the convening authority approved only three months of confinement, but otherwise approved the remainder of the adjudged sentence.[2]

On appeal, Appellant claims the military judge erred by failing to "attach" documents related to a protective order to Appellant's record of trial. We disagree with Appellant's assertion, find no prejudicial error, and affirm.

## I. BACKGROUND

After researching where to buy the "best" brands of salvia near Salt Lake City, Utah, Appellant purchased and used "Purple Sticky Salvia" with another Airman in Appellant's dorm room. Appellant also smoked marijuana at a civilian friend's house. There, Appellant was offered marijuana by a civilian; he accepted, rolled a "joint," and smoked the marijuana with an Airman Basic. Just over one year later, Appellant used marijuana twice while on leave in California. Appellant documented and shared his California marijuana smoking "story" with other Airmen over the social media application SnapChat.

## II. DISCUSSION

Investigators utilized a confidential informant to uncover some of Appellant's misconduct. The Government provided trial defense counsel with redacted copies of investigator notes and the informant's written statement.

---

[1] Appellant pleaded not guilty to providing salvia to another Airman and providing an underage Airman his driver's license so that the underage Airman could enter a nightclub, in violation of Article 134, UCMJ, 10 U.S.C. § 934. This Charge and its two specifications were withdrawn and dismissed with prejudice in accordance with the pretrial agreement.

[2] The convening authority correctly approved forfeiture of $1,044.00 *pay per month for three months* rather than the incorrectly announced and adjudged forfeiture of $1,044.00 pay per month "for 100 days."

Trial defense counsel sought discovery of the confidential informant's identity and unredacted copies of the informant's written statement and related investigator notes.

The Government notified the military judge of this discovery matter and provided the military judge with redacted copies of the informant's written statement and the investigator notes. No relevant motions to compel discovery or production were filed.

Prior to trial, the parties reached an agreement in which the Government would not claim privilege under Military Rule of Evidence 507 and would provide trial defense counsel access to the confidential informant, as well as unredacted copies of the informant's statements and the investigator notes, so long as the military judge issued an appropriate protective order. The Government notified the military judge of this agreement.

At trial, after Appellant's counsel stated that "per the [pretrial agreement] the defense waives all waivable motions" and Appellant pleaded guilty as described above, the military judge confirmed his understanding of the parties' agreement regarding discovery:

> MJ [Military Judge]: In broad terms, it's my understanding that the defense counsel is seeking identification of a confidential source that was used in the investigation of the accused. The trial counsel have previously provided in accordance with their discovery obligations to the defense counsel redacted copies of [a written statement] as well as a set of agent notes for that witness. They simply have not identified who that individual is.
>
> And as I have mentioned . . . I got notice from the trial counsel that there was an agreement between the parties that, with an appropriate protective order, the government would not claim any privilege under Military Rule of Evidence 507 and be prepared to provide both the identity and access -- the identity of and access to the confidential source that I've mentioned, given that [written statement] and produced those agent notes.
>
> Defense Counsel, have I accurately summarized that or is there anything else that you want to add in explaining this legal issue?
>
> DC [Defense Counsel]: Yes, Your Honor, you accurately described it.

The military judge then issued a written protective order that, in pertinent part, stated the following:

> [T]he government notified the Court of an outstanding defense discovery request related to the identification of a confidential source used in the investigation of the accused. Trial counsel provided the Court a redacted [written statement] and set of agent notes for this witness with that notification. During the initial Article 39(a), Uniform Code of Military Justice, session in this case, the parties confirmed that the defense discovery request was outstanding and that the government had made no claim of privilege under Military Rule of Evidence 507 related to the confidential source's identity. Pursuant to Article 46, UCMJ, and given the consensus of the parties, the Court issues the following orders.

> Trial counsel shall release to the defense counsel the identity of the confidential source employed by investigators who authored the abovementioned statement . . . relating to the subject matter of this court-martial . . . .

> Defense counsel and the accused will have access to this information with . . . restrictions. [3]

Trial defense counsel assured the judge that the Defense harbored no concerns with these actions "satisfying [her] discovery request." Accordingly, the court-martial recessed, and the confidential informant and the requested unredacted material were immediately made available to the Defense.

The court-martial reconvened less than 30 minutes later with trial defense counsel affirming that she had "enough time during the break to follow up on that information." Nonetheless, the military judge called upon Appellant to enter pleas again, in part because "[they] went through that process of giving [Appellant] additional discovery, [and] the accused always has the right to reevaluate what he wants to do . . . [the military judge] want[ed] to give [Appellant] that opportunity one more time." Appellant once again pleaded guilty as previously described, pursuant to a pretrial agreement wherein Appellant waived all waivable motions.

The military judge admitted and considered a stipulation of fact establishing the essential elements of each offense to which Appellant pleaded guilty. The military judge conducted an appropriate inquiry with Appellant, found Appellant's pleas provident, and convicted Appellant in accordance with his pleas.

---

[3] The military judge also read this order into the record.

Appellant now claims that the military judge "erred when he failed to attach documents relied on in determining a protective order for a confidential informant." Even though Appellant acknowledges "the record of trial does not state that the military judge reviewed the [statement] or the agent's notes," he concludes that "[i]n ruling in favor of the trial defense counsel the military judge relied on the redacted [statement] and agent notes." Therefore, Appellant maintains that "the failure to attach the redacted [written statement] and the agent notes to the record of trial is a substantial omission because this [c]ourt is unable to review the basis for the military judge's protective order."

Appellant alleges that the military judge's failure to attach these documents created an incomplete record, which prejudiced him in three respects. First, the incomplete record prevented him from raising issues pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). Second, it denied him his right to counsel under Article 70, UCMJ, 10 U.S.C. § 870, because his appellate defense counsel is unable to advise Appellant of potential challenges regarding the confidential informant. Finally, it deprived him of his right to a review of his case under Article 66, UCMJ, 10 U.S.C. § 866.

Appellant accordingly requests we grant relief by setting aside the findings and sentence and ordering a rehearing; approving a sentence limited to a reprimand, reduction to E-1, confinement for three months, and forfeiture of $1,044.00 pay per month for three months; or remanding to the convening authority to ensure a complete and accurate record of trial.

Whether Appellant's record is complete is a question of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). "A complete record of the proceeding and testimony shall be prepared . . . in each special court-martial in which the sentence adjudged includes a bad-conduct discharge, confinement for more than six months, or forfeiture of pay for more than six months." Article 54(c)(1)(B), UCMJ, 10 U.S.C. § 854(c)(1)(B).

A complete record in Appellant's case must generally include, *inter alia*, a verbatim transcript, the charge sheet, the convening order, certain forum requests, the convening authority's action, any exhibits received in evidence (or permitted substitute), and any appellate exhibits. Rule for Courts-Martial 1103(c)(1). Matters that must be attached to this record include any special findings made by the military judge, exhibits marked but not received in evidence, and certain post-trial matters. *Id.*

We find no reason why the military judge would have been required to attach the redacted copies of the informant's written statement and investigator notes to the record as appellate exhibits or any other designation. Contrary to Appellant's supposition, the documents did not provide the basis for any

decision by the military judge. *See United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999) (finding error when military judge failed to attach personal counseling records reviewed in camera that were considered as part of basis to deny defense motion to compel discovery); *see also United States v. Embry*, 60 M.J. 976, 981 (A. Ct. Crim. App. 2005) (finding error when military judge did not mark and attach social worker's intake notes provided to government over defense objection to the record of trial as an appellate exhibit). The military judge issued a protective order at the request of the parties based on their agreement, not because of the redacted documents or what was contained within them. The military judge's possession of those documents at the time he issued the agreed-upon order did not affect the rights of the Appellant and was of no consequence to his court-martial. *See id.* at 980 (citing *Abrams*, 50 M.J. at 364). Consequently, there is no basis for including the redacted documents in the record, and it is complete without them. The military judge did not err.[4]

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[4] Assuming the military judge should have made the redacted documents appellate exhibits, their omission was insubstantial and did not render Appellant's record incomplete. *See United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000).