# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32608 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Khalil R. NORMAN**

Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 28 June 2021

———————————

*Military Judge:* Thomas J. Alford; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 19 June 2019 by SpCM convened at Hurlburt Field, Florida. Sentence entered by military judge on 13 July 2019 and reentered on 4 February 2021: Bad-conduct discharge, confinement for 40 days, forfeiture of $1,000.00 pay for 1 month, reduction to E-1, and a reprimand.

*For Appellant:* Major Kevin R. Cayton, USAF; Major Amanda E. Dermady, USAF.

*For Appellee:* Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and MERRIAM, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MERRIAM, Judge:

A military judge sitting alone as a special court-martial found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of three specifications of distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] All offenses pertained to conduct that occurred in 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 40 days, forfeiture of $1,000.00 pay per month for one month, reduction to the grade of E-1, and a reprimand. The adjudged confinement was less than the PTA's sentence limitation, which limited confinement to ten months. The PTA contained no additional limitations on sentence.

In our initial review of this case, we determined the convening authority had failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)). As a result, we remanded Appellant's case to the Chief Trial Judge, Air Force Trial Judiciary, for corrective action. *See United States v. Norman*, No. ACM S32608, 2021 CCA LEXIS 7, at *7–8 (A.F. Ct. Crim. App. 8 Jan. 2021) (per curiam) (unpub. op.).[2] In response, the successor convening authority executed a new Decision on Action memorandum, in which she approved the adjudged sentence in its entirety. The military judge then issued a modified entry of judgment.

After the case was re-docketed with this court, Appellant submitted the case on its merits, but specifically preserved the two assignments of error he had submitted prior to our remand: (1) whether Appellant's record of trial is incomplete because two pages of Prosecution Exhibit 3 were missing; and (2)

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] This court issued its initial opinion in the instant case before the United States Court of Appeals for the Armed Forces issued its opinion in *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 508 (C.A.A.F. 4 Jun. 2021), which held that the portion of Executive Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), upon which this court based its opinion was unlawful. The CAAF held that the current Article 60c, UCMJ, 10 U.S.C. § 860(c), applies in cases where UCMJ action was not initiated prior to 1 January 2019. *Id.* at *8–9. Preferral of charges occurred in this case on 1 April 2019.

whether Appellant's sentence is inappropriately severe.[3] Now considering Appellant's assignments of error, we find no error prejudicial to Appellant's substantial rights, and we affirm.

## I. BACKGROUND

Appellant entered active duty on 23 August 2016. Less than two years later, on three occasions between 13 April 2018 and 21 June 2018, Appellant distributed marijuana to Airman DB near Fort Walton Beach, Florida. On each of the three occasions, Airman DB requested that Appellant procure a specific dollar value worth of marijuana ($20, $80, and $200, respectively), which Appellant then purchased from a civilian off base and delivered to Airman DB. On the first two occasions, Appellant delivered the marijuana to Airman DB on the Hurlburt Field installation. Appellant boasted to Airman DB that he was able to bring the marijuana onto the installation because the gate guards knew him and would not question him. On the third occasion, Appellant delivered the marijuana while in an off-base fast-food restaurant parking lot. Appellant did not profit financially from these transactions. On each occasion, Airman DB reimbursed Appellant the same amount Appellant had paid his supplier for the marijuana. At trial, Appellant claimed to be motivated by a desire to "shelter" Airman DB from having to interact directly with a drug dealer Airman DB did not know.

Unbeknownst to Appellant, Airman DB was acting as a confidential informant (CI) for the local detachment of the Air Force Office of Special Investigations (AFOSI). During each of the distributions, Airman DB wore a secret recording device, and at the conclusion of the transaction Airman DB delivered the marijuana to his AFOSI handlers.

## II. DISCUSSION

### A. Incomplete Record of Trial

#### 1. Additional Background

Appellant's first assignment of error asserted that the record of trial was incomplete because it lacked the second and third pages of Prosecution Exhibit 3. The complete Prosecution Exhibit 3, which was a letter of counseling received by Appellant, was included in the record of trial docketed with this court. However, pages two and three of the exhibit, which contained various signatures and Appellant's response to the letter of counseling, were apparently omitted from the copy of the record provided to Appellant's appellate

---

[3] Appellant personally asserts the sentence severity issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

counsel. Neither Appellant nor the Government has offered an explanation for how or why this error occurred.

After Appellant briefed his assignments of error, we granted the Government's motion, unopposed by Appellant, to attach a certificate of receipt showing Appellant's appellate counsel was served a copy of all three pages of Prosecution Exhibit 3 less than two weeks after Appellant's assignments of error were filed with this court.

### 2. Law

Whether a record of trial is complete is a question of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). Article 54(c)(2), UCMJ, 10 U.S.C. § 854(c)(2), requires a "complete" record of the proceedings and testimony to be prepared for any case in which a discharge is adjudged. A copy of the record of trial is to be provided to an accused. Article 54(d), UCMJ, 10 U.S.C. § 854(d).

"[T]he threshold question is 'whether the omitted material was substantial,' either qualitatively or quantitatively." *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)) (additional citation omitted). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)) (additional citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

Where a record is missing an exhibit, this court evaluates whether the omission is substantial. *United States v. Lovely*, 73 M.J. 658, 676 (A.F. Ct. Crim. App. 2014) (citing *Henry*, 53 M.J. at 111). A record may be "substantially complete" even if an exhibit is missing. *See, e.g., Lovely*, 73 M.J. at 676 (missing videos played by defense in sentencing proceedings did not render record incomplete); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, *7–9 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.) (record substantially complete despite missing entire appellate exhibit containing written advisement of post-trial and appellate rights).

### 3. Analysis

In his assignment of error, Appellant argued that without the missing pages, appellate counsel was unable to "do a complete review of the record and a complete analysis of the potential issues in Appellant's case." Since receiving a complete copy of Prosecution Exhibit 3, Appellant has failed to demonstrate that the omission of pages two and three of Prosecution Exhibit 3 from the copy

of the record initially provided to appellate defense counsel constituted a "substantial omission" or that Appellant was prejudiced by it.[4]

The record of trial docketed with this court is complete. The copy of the record of trial provided to Appellant's counsel was substantially complete upon initial delivery, and made wholly complete within two weeks of Appellant's counsel notifying the Government, through an assignment of error to this court, that it was missing two pages of Prosecution Exhibit 3. The Appellant has not demonstrated prejudice due to the apparent copying error. We find that the record of trial is complete and corrective action is not required.

## B. Sentence Severity

Appellant contends that his sentence, which includes 40 days of confinement and a bad-conduct discharge, is inappropriately severe.

### 1. Additional Background

In arguing his sentence is inappropriately severe, Appellant makes several observations. First, he notes that he pleaded guilty. Second, Appellant contends that only after being approached a second time by the AFOSI CI did Appellant call his contact to ask for marijuana "for a friend."[5] Appellant also notes he did not profit financially from the transfer of marijuana and contends he engaged in the distributions to protect the CI from "get[ting] in trouble." Specifically, Appellant argues he "is not a drug dealer, he was doing an unpaid favor for an acquaintance who turned out to be a confidential informant for AFOSI." Appellant also argues that after his marijuana distributions came to light, he continued to perform his duties. Appellant specifically requests that his bad-conduct discharge be set aside and that he be allowed to be administratively separated.

### 2. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). We assess sentence appropriateness by considering the particular appellant, the nature

---

[4] After this case was re-docketed with this court following the convening authority's revised decision on action and reentry of sentence by the military judge, Appellant submitted a brief that "specifically preserve[d] and maintain[ed]" the assignment of error regarding record completeness, with no further discussion.

[5] At trial, the military judge engaged in multiple colloquies with Appellant and with trial counsel and trial defense counsel to ascertain whether the defense of entrapment was raised by the facts. Neither Appellant nor his counsel argued at trial that entrapment was raised. Similarly, Appellant has not raised the issue on appeal.

and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial. *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (citation omitted). Although we have great discretion to determine whether a sentence is appropriate, and Article 66, UCMJ, empowers us to "do justice," we have no authority to "grant mercy." *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

### 3. Analysis

On three separate occasions, Appellant distributed a controlled substance to a fellow Airman, twice while on a military installation. The offenses of which Appellant was convicted are serious, regardless of Appellant's apparent lack of a profit motive. Perhaps recognizing the seriousness of the charge and specifications, Appellant agreed to a PTA under which the maximum approved sentence could have included, *inter alia*, a bad-conduct discharge and ten months' confinement. Appellant's actual adjudged and approved sentence is far less severe.

Beyond the offenses themselves, little evidence in aggravation or in extenuation and mitigation was presented at trial. Appellant's military career was so brief that the record of his service introduced at trial contained no performance reports.

Having considered this particular Appellant, the nature and seriousness of the offenses, the Appellant's record of service, and all matters contained in the record of trial, we conclude Appellant's sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court