# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM 39980

————————————

**UNITED STATES**
*Appellee*

**v.**

**Robert A. MARDIS**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 January 2022

————————————

*Military Judge*: Colin P. Eichenberger.

*Sentence:* Sentence adjudged 19 August 2020 by GCM convened at Mountain Home Air Force Base, Idaho. Sentence entered by military judge on 10 September 2020: Dishonorable discharge, confinement for 6 years, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Ryan S. Crnkovich, USAF.

*For Appellee*: Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MEGINLEY, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of sexual abuse of a child who had not attained the

age of 16 years by communicating indecent language to her, one specification of sexual abuse of a child who had not attained the age of 16 years by intentionally exposing his penis to her, and one specification of sexual abuse of a child who had not attained the age of 16 years by intentionally causing her to touch his penis, all in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b; and one charge and one specification of possession of obscene visual depictions of minors, as assimilated under 18 U.S.C. § 1466A, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence.

Appellant raises two issues on appeal: (1) whether the record of trial is substantially complete, and (2) whether Appellant was subjected to a multiplicious prosecution.[2] Because we agree with Appellant's first raised issue, we need not address his second issue at this time. For the reasons discussed below, we remand the case to correct a substantial omission in the record.

## I. BACKGROUND

During Appellant's court-martial, as part of Appellant's plea agreement, both the Government and Defense agreed to a 12-page stipulation of fact, marked as Prosecution Exhibit 1. As part of this stipulation, the parties agreed to include seven attachments. However, upon review of the record of trial, Appellant noted that two of the attachments, both pertaining to interviews of Appellant by the Air Force Office of Special Investigations (AFOSI), were missing. Specifically, Attachment 4, "[AF]OSI Interviews_abridged (Part 1 and Part 2), dtd 31 May 2018, 2 vids," and Attachment 5, "[AF]OSI Interview Transcript for Part 3, dtd 31 May 2018, 16 pgs," were not included with the stipulation in the original record of trial docketed with the court. Instead, in place of each

---

[1] All references in this opinion to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). The charges and specifications were referred to trial after 1 January 2019; accordingly, all other references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3, 5, 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018).

[2] Appellant's full assignment of error on this issue is,

> Whether the specification alleging that Appellant committed a lewd act upon a child by intentionally exposing himself, as amended at trial, was a lesser included offense of the specification alleging sexual abuse of a child by causing sexual contact and therefore amounted to a multiplicious prosecution in violation of the double jeopardy clause of the Fifth Amendment. [U.S. CONST. amend. V.]

item is a page directing the reviewing authority to other parts of the record; the Defense calls these pages "jump sheets." For Attachment 4, the reader is directed to "Appellate [Exhibit XIII];" for Attachment 5, the reader is directed to "Appellate [Exhibit XVI]."

Appellant states in his brief that the use of these "jump sheets" has created a problem for his appeal, arguing: "This practice . . . created an issue in this case because it is now unclear what exactly was introduced at trial. Specifically, it is impossible to discern precisely what was included in two attachments that accompanied Pros. Ex. 1—namely, Attachment 4 and Attachment 5."

On 16 November 2021, this court granted a government motion to attach, which included declarations from Captain (Capt) RK, assistant trial counsel in this case, and Capt CS, the Chief of Military Justice at Mountain Home Air Force Base, on this matter.[3] In her declaration, Capt RK stated:

> Attachment 4 was an "abridged" version of [Appellant]'s interview with the Air Force Office of Special Investigations ([AF]OSI). The attachment contained "Part 1" and "Part 2" of the [AF]OSI interview. The attachment was "abridged" because we removed dead-space (e.g., when agents were not in the room talking to [Appellant]) from the exhibit. The Defense was provided the time-hacks for the edits prior to sentencing and concurred with the removal of these dead spaces (see Attachment 1).[4]

Capt RK stated Attachment 5 was a 16-page transcript from "Part 3" of Appellant's AFOSI interview, and included those 16 pages as an attachment to her declaration (the court notes that the 16 pages submitted by Capt RK are identical to 16 pages found within Appellate Exhibit VIII, but are only a part of a 59-page attachment to Appellate Exhibit VIII). Capt RK further stated that Attachments 4 and 5 were attached to the stipulation of fact and that the complete exhibit was "provided to the military judge on a compact disc and

---

[3] We considered the declarations and attachments to resolve this issue, which we find to be raised by the record. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (holding Courts of Criminal Appeals may consider affidavits when doing so is necessary for resolving issues raised by materials in the record).

[4] According to an email on 16 August 2020 between trial counsel and the Defense attached to Capt RK's declaration, these were the agreed-upon portions of Appellant's interview that were cut out: OSI SUB Int 1 (Player time) 00:52-01:32, 01:25:00-01:43:35, 01:56:40-01:59:50, 02:00:47-02:06:26; OSI SUB Int 2 (Player time) 01:03:00-end of video; OSI SUB Int 3 (Player time) 00:00-16:12, 40:33-1:13:00.

admitted during presentencing proceedings." Capt CS declared that Attachment 4, Appellant's interview with AFOSI, is divided into three files. He attached the "edited" versions of "Part 1" and "Part 2" to his declaration.

## II. DISCUSSION

### A. Law

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

"Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). A record of trial that is missing exhibits may be substantially incomplete. *See id.* at 27 (holding that the record was substantially incomplete for appellate review of the sentence, when all three defense sentencing exhibits were missing); *but see Henry*, 53 M.J. at 111 (holding that four missing prosecution exhibits were insubstantial omissions, when other exhibits of similar sexually explicit material were included). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

"In assessing either whether a record is complete or whether a transcript is verbatim, the threshold question is 'whether the omitted material was "substantial," either qualitatively or quantitatively.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)). "[O]missions are qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's case on the merits,' and 'the testimony could not ordinarily have been recalled with any degree of fidelity.'" *Id.* (quoting *Lashley*, 14 M.J. at 9). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (omission in original) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

When a matter concerning an incomplete record is raised, Rule for Courts-Martial (R.C.M.) 1112(d)(2) states that "[t]he military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. All parties shall be given reasonable access to any court reporter notes or recordings of the proceedings."

**B. Analysis**

The court notes we considered the attachments to trial counsel's declaration to determine whether the omission of the exhibits from the record of trial was substantial, given that they were introduced as part of a prosecution exhibit during the court-martial and were required to have been included in the record; we did not consider the exhibits as a means to complete the record. *See* R.C.M. 1112(b)(6)); *see also United States v. Perez*, No. ACM S32637, 2021 CCA LEXIS 285, at \*3–4 (A.F. Ct. Crim. App. 14 Jun. 2021) (unpub. op.) (returning an incomplete record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for reconstruction of the record, where a prosecution exhibit was incomplete).

We have reviewed the aforementioned Appellate Exhibits XIII and XVI referred to on the "jump sheets" inserted in place of Attachments 4 and 5 to Prosecution Exhibit 1. Appellate Exhibit XIII is a disc labeled "OSI Subj. interview (1 disc)," which consists of three files identified in parts, and is approximately four hours and 35 minutes long. Specifically, Part I is approximately two hours and seven minutes long, Part II is approximately one hour and 13 minutes long, and Part III is approximately one hour and 14 minutes long. The interviews are not edited. Appellate Exhibit XVI, which is marked "Government Response to Defense Motion to Abate," is 66 pages long. It contains a transcript, totaling 42 pages, of a portion of Appellant's interview with AFOSI, conducted on 31 May 2018. However, contrary to the reference on the "jump sheet," Appellate Exhibit XVI does not include "Part 3" of the interview as described in the stipulation. As the Government points out, "Part 3" is actually a portion of an attachment to Appellate Exhibit VIII, and is found at pages 103–118 of Appellate Exhibit VIII.

Having reviewed the record, we find the omissions of both Attachment 4 and Attachment 5 are substantial. The stipulation states that Attachment 4 is "abridged." While trial counsel and defense counsel, in communications outside of court, apparently agreed upon certain time-hacks and the removal of "dead space" from Appellant's interview with AFOSI (an abridged version), the court does not know which time-hacks (as articulated in note 4, *supra*) were ultimately relied upon by the military judge in determining the outcome of this case. Additionally, although Attachment 5 can be found in Appellate Exhibit VIII, the "jump sheet" directs the reviewer to the wrong exhibit; even if the correct exhibit is found, the reviewer has to carve the applicable pages out of a larger document. Looking at the entire record of this case, and having reviewed the two discs from the Government's motion to attach, as well as the transcript provided by Capt RK, we find the omitted portions of the stipulation of fact to be qualitatively and quantitatively substantial. Appellant's confession and admissions to AFOSI provided key evidence and information referred to within the stipulation of fact. Furthermore, trial counsel referred to the attachments

in argument. Therefore, we find it appropriate to return the record of trial for correction. We defer consideration of whether the omissions are prejudicial pending correction of the record.

### III. CONCLUSION

Accordingly, the record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) by reconstructing Prosecution Exhibit 1, Attachments 4 and 5. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).[5],[6]



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[5] Legal offices should be advised that the court does not condone this practice of using "jump sheets" specifically for exhibits, as this practice has caused unnecessary confusion for the court and the parties. Department of the Air Force Manual (DAFMAN) 51-203, *Records of Trial*, ¶ 2.1.5 (21 Apr. 2021), states, "If attachments are listed on a document, the attachments will remain with the document and be included in the ROT [record of trial]." Further, ¶ 2.1.6 states,

> For documents (other than exhibits) that appear in multiple locations, after the first occurrence it is permissible to use a cross-reference sheet in place of the document(s) indicating the location of the document(s) within the ROT. *Never use a cross-reference sheet in place of any exhibit included in the completed ROT*. (T-1). Exhibits must be included at each location in the ROT, unless the exhibit has been sealed by the military judge. (T-1). See paragraph 2.2.

(Emphasis added).

[6] The court advises that we had difficulty opening Attachment 2 to the stipulation of fact, described as a "CARES Interview and video player, dtd 22 May 2018." Although we could see the files, upon review, we were unable to view the contents of the files because the software used to view the exhibit was not present on the disc. However, in Volume 4 of the ROT, this same disc is found under the "Pretrial" section. Upon our review of that disc, and comparing the files in Attachment 2, the files appear to be identical. The court was able to view the interview on that disc and is confident the evidence is the same.