**UNITED STATES, Appellee**

v.

**Joseph F. SANTORO, Yeoman Seaman Apprentice, U.S. Navy, Appellant.**

No. 96–0985.
Crim.App. No. 95 0443.

U.S. Court of Appeals for
the Armed Forces.

Argued March 5, 1997.

Decided Aug. 18, 1997.

For Appellant: *Lieutenant E. Rubiella,* JAGC, USNR (argued); *Commander M.T. Hall,* JAGC, USN (on brief); *Lieutenant James T. Mahoney,* JAGC, USNR.

For Appellee: *Captain Daren K. Margolin,* USMC (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

*Opinion of the Court*

EFFRON, Judge:

Pursuant to mixed pleas, appellant was convicted in 1988 by a military judge sitting alone as a special court-martial of larceny of property valued at $183.64 (shoplifting) and resisting apprehension, in violation of Articles 121 and 95, Uniform Code of Military Justice, 10 USC §§ 921 and 895, respectively. The military judge sentenced him to a bad-conduct discharge, confinement for 90 days, forfeiture of $440.00 pay per month for 3 months, and reduction to the lowest enlisted grade.

The convening authority approved these results on October 24, 1988. The convening authority's action, which states that the "record of trial is forwarded to the Navy–Marine Corps Court of Military Review, Office of the Judge Advocate General, ... for review in accordance with Article 65(a), Uniform Code of Military Justice," provides the last indication of the whereabouts of the record of trial. More than 7 years after the convening authority's action, the Navy discovered that the record never had been received or reviewed by the appellate court. The Navy initiated a search, but the official record could not be located. During the search, audio tapes of the trial proceedings were found, as well as the convening authority's action and the promulgating order. These documents, as well as an authenticated transcript made from the tapes, were forwarded to the Court of Criminal Appeals (formerly the Court of Military Review) [1] as the "record" for its review.

In its unpublished opinion, dated nearly 8 years after appellant's trial, the Court of Criminal Appeals provided the following description of the Government's processing of the case:

> Appellant was tried in 1988. The record presented to us by the Government consists of a copy of the verbatim transcript of the proceedings, authenticated over 8 years after the fact by the judge who tried the case. There is no convening order. There is no charge sheet. There is no staff judge advocate's recommendation. All of the 14 Government exhibits and all

of the 18 defense exhibits are missing. There is a copy of the convening authority's action and promulgating order.

The court was outspoken in its criticism, stating:

> This is another record of trial reaching us many years after sentence was adjudged in a condition that can only be described as horrible. The fault for the abysmal condition of the record lies at the Government's doorstep, not the appellant's. We once again remind the Government that this Court may affirm only such findings of guilty and the sentence or such part or amount of the sentence as we find correct in law and in fact and determine, **on the basis of the entire record**, should be approved. Article 66(c), Uniform Code of Military Justice [UCMJ], 10 USC § 866(c).

Unpub.op. at 2.

In view of the missing exhibits and other deficiencies, the court determined that it was unable to assess the sufficiency of the evidence on the contested specification of resisting apprehension, and it dismissed the charge of resisting apprehension.

With respect to the charge of larceny, to which appellant had pleaded guilty, the court determined that the reconstructed record was sufficient to establish the providence of appellant's guilty pleas and to establish that the court-martial was properly convened, that the charges were properly referred, and that defense counsel was served with the staff judge advocate (SJA)'s post-trial recommendation. Accordingly, the court affirmed the larceny conviction. *Id.* at 3.

Finally, the court concluded that it was unable to assess the appropriateness of the sentence in view of the missing exhibits and deficiencies in the record. As a result, the court affirmed a sentence of "no punishment" in lieu of the sentence adjudged at trial. *Id.* at 4.

On appellant's petition, we granted review of the following two issues:

## I

WHETHER APPELLANT HAS BEEN DENIED A FULL AND FAIR REVIEW

---

1. *See 41 MJ 213, 229 n. * (1994).

OF HIS COURT–MARTIAL PROCEED-
INGS AS A RESULT OF INORDINATE
DELAY IN FORWARDING THE REC-
ORD OF TRIAL FOR APPELLATE RE-
VIEW.

II

WHETHER APPELLANT'S PARTIAL-
LY RECONSTRUCTED RECORD OF
TRIAL IS SUFFICIENTLY COM-
PLETE, AS A MATTER OF LAW, TO
SUPPORT THE CONCLUSION OF THE
NAVY–MARINE CORPS COURT OF
CRIMINAL APPEALS THAT IT
COULD APPROVE ANY PART OF THE
FINDINGS OR SENTENCE AS COR-
RECT IN LAW AND FACT.

For the reasons discussed below, we hold
that the corrective action taken by the Court
of Criminal Appeals adequately addressed
the deficiencies in the processing of this case.

I

■ Article 54(c)(1), UCMJ, 10 USC
§ 854(c)(1), prescribes: "A complete record
of the proceedings and testimony shall be
prepared ... (B) in each special court-mar-
tial case in which the sentence adjudged
includes a bad-conduct discharge." The
President—through RCM 1103(b)(2)(D),
Manual for Courts–Martial, United States
(1995 ed.)—has stated that "a complete rec-
ord shall include," in addition to a transcript
of the trial itself:

(i) The original charge sheet or a duplicate;

(ii) A copy of the convening order and any
amending order(s);

(iii) The request, if any, for trial by mili-
tary judge alone, or that the membership
of the court-martial include enlisted per-
sons, ...;

(iv) The original dated, signed action by
the convening authority; and

(v) Exhibits, or, with the permission of the
military judge, copies, photographs, or de-
scriptions of any exhibits which were re-
ceived in evidence and any appellate exhib-
its.

In addition, Article 60(d), UCMJ, 10 USC
§ 860(d) (1983), requires a written recom-

mendation by the SJA in a case having a
sentence such as this one.

This Court has held that, "when there is a
substantial omission from the record, a pre-
sumption of prejudice arises" that the Gov-
ernment has the responsibility of rebutting.
*United States v. Gray*, 7 MJ 296, 298 (1979);
accord *United States v. McCullah*, 11 MJ
234, 237 (1981). The decisive action of the
Court of Criminal Appeals in dismissing the
charge of resisting apprehension and in ne-
gating all punitive aspects of the sentence
has removed any possible claim of prejudice
with respect to that charge and the sentence.
Under the specific circumstances of this case,
we are satisfied that the Government has
carried its burden of rebutting any presump-
tion of prejudice as to the remaining convic-
tion of larceny that is based upon appellant's
guilty pleas.

■ First, although the charge sheet is
missing, defense counsel waived a reading of
the charges and made no motions or objec-
tions in connection with them. Moreover,
the military judge's providence inquiry effec-
tively read into the record the substance of
the charge sheet as to the larceny specifica-
tion, including a description of the particular
items that appellant had stolen. In light of
counsel's presumed competence, see *Strick-
land v. Washington*, 466 U.S. 668, 689, 104
S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), these
factors rebut any presumption that the
charge sheet would reveal any irregularities
that appellant could pursue on appeal. *See*
RCM 905(b)(2) and (e) (defects in charges or
specifications must be raised before pleas or
else waived).

Second, the military judge described the
convening order in the record of trial. She
named the convening authority, recited the
fact that it was a special court-martial order,
and noted the order number and the date of
its publication. She also described the pre-
ferral and referral processes of each charge
and specification. Although the order itself
is not in the appellate record, the detailed
description of the contents of the order in the
record sufficiently rebuts any presumption of
prejudice arising from its absence, particu-
larly in view of the lack of any defense

objection to the order at trial. *See* RCM 905(b)(1) and (e) (defects in pretrial process must be raised before pleas or else waived).

Third, the record reflects appellant's oral request for trial by the military judge who was conducting the proceedings. The military judge approved that request and, in fact, conducted the remainder of the trial. This satisfactorily substitutes for any missing written request for trial by judge alone. *See* Art. 16(2)(C), UCMJ, 10 USC § 816(2)(C).

Fourth, as mentioned earlier, the original and dated convening authority's action is a part of the appellate record.

Fifth, we agree with the Court of Criminal Appeals' conclusion that any prejudice to appellant resulting from omission of trial and appellate exhibits from the record can be cured by dismissing the contested Charge and affirming a sentence of no punishment. It is apparent from the record that none of the exhibits has any relevance to the remaining conviction of larceny.

Finally, any prejudice from omission of the SJA's recommendation from the record was cured by the Court of Criminal Appeals when it dismissed the contested Charge and affirmed a sentence of no punishment. Again, in light of the fact that only the larceny conviction to which appellant pleaded guilty remains, we see no possibility of continuing prejudice from omission of the SJA's recommendation from the record.

This is not an instance in which the Government seeks to rely upon presumptions of regularity to rebut the presumption of prejudice arising from the incomplete record. Instead, in the case of each missing document that is related to the only matter now at issue—appellant's conviction of larceny based on his pleas of guilty—there is a substantial basis in the record from which to infer its content and to corroborate its regularity. In addition, appellate defense counsel acknowledged during oral argument before this Court: "It is evident from the record that he [appellant] was on active duty, that there was jurisdiction to try this person." With respect to the larceny conviction, the defense is in the best position to refute the Government's rebuttal evidence by bringing to the Court's attention any information that would indicate that the military judge erred in finding appellant's plea to be provident or that the convening authority erred in approving the conviction for larceny based on appellant's plea. The defense has presented no information that would call into question appellant's plea of guilty. Under the unique circumstances of this case, we are persuaded that the Government has carried its appellate burden as to the only remaining finding of guilty and that the action of the court below has remedied any possible prejudice to appellant in the other finding and in the sentence.

## II

■ Appellant also complains that he was "denied a full and fair review of his court-martial proceedings as a result of inordinate delay" in the appellate processing of his case. The carefully tailored remedial action ordered by the Court of Criminal Appeals, which we discussed in the preceding section, demonstrates that this appellant has received a full and fair review.

In *United States v. Jenkins*, 38 MJ 287, 288 (1993), we stated:

We have repeatedly denounced unexplained delays in the post-trial processing of courts-martial. *See United States v. Sowers*, 24 MJ 429 (CMA 1987)(summary disposition); *United States v. Shely*, 16 MJ 431 (CMA 1983). We agree with appellant that the delay in this case is far from acceptable. However, such delay standing alone is not sufficient to set aside the findings and sentence. An appellant seeking such relief must demonstrate some real harm or legal prejudice flowing from that delay. *United States v. Shely, supra; [United States v.] Gentry*, 14 MJ 209 (CMA 1982).

Instead of addressing how the delays in this case adversely affected the right of this appellant to obtain a full and fair review of his guilty plea to the one charge of which he remains convicted, appellate defense counsel has attempted to convince this Court to "exercise its 'supervisory jurisdiction' to ensure that in the future the Government proceeds

with reasonable diligence in the post-trial processing of courts-martial cases." Final Brief at 7. Similarly, counsel in oral argument urged the Court to use this case as "a vehicle to send a message" that gross delays such as this will not be tolerated.

For its part, the Government, too, spent considerable effort during oral argument assuring us that the Navy has come to grips with its case-tracking difficulties. Counsel stated: "I can assure the Court as an officer of the Court that there is a case-tracking system in place that is effectively working." In this light, the Government contended that there is no need to "send a message."

No one can take comfort in the delays and defects reflected in this case. These problems arguably operated to deny society a full measure of justice because they left the Court of Criminal Appeals with little choice but to perform radical surgery on the findings and sentence. That result should be incentive enough to correct the problems for the future.

In this case, for the reasons discussed above, appellant has received the full measure of any possible relief to which he is entitled. Neither in his brief nor during oral argument did appellate defense counsel attempt to identify any particular harm to appellant that was not cured by the remedial action taken by the Court of Criminal Appeals. "Had he been prejudiced, we are certain he would have complained." *Jenkins, supra* at 289.

### III

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.