UNITED STATES, Appellee,

v.

Michael S. STOFFER, Private
First Class, U.S. Marine
Corps, Appellant.

No. 99–0292.
Crim.App. No. 97–1326.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 28, 1999.

Decided May 3, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., and COX, S.J., joined. SULLIVAN, J., filed an opinion concurring in part and dissenting in part.

For Appellant: *Lieutenant John D. Holden,* JAGC, USNR (argued).

For Appellee: *Lieutenant William C. Minick,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief).

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of a single charge and specification of being absent without leave for about 7 months, terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The military judge, sitting as a special court-martial (SPCM) empowered to adjudge a bad-conduct discharge (BCD), sentenced him to a BCD, confinement for 75 days, forfeiture of $550.00 pay per month for 2 months, and reduction to the lowest enlisted grade. In consonance with the pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of 60 days and forfeiture of pay in excess of $150.00 pay per

month for 4 months for a period of 6 months from the trial date. The Court of Criminal Appeals affirmed the findings and sentence.

We granted review of the following issue: WHETHER THE LOWER COURT ERRED IN FINDING THAT THE RECORD OF TRIAL IS SUBSTANTIALLY INCOMPLETE YET STILL SUFFICIENT FOR APPELLATE REVIEW.

We hold that the lower court erred by affirming a sentence that included a BCD because missing exhibits render the record of trial substantially incomplete.

Appellant's record of trial is missing (a) the charge sheet; (b) the court-martial convening order; (c) the staff judge advocate's recommendation (SJAR); and (d) the three defense exhibits and the three appellate exhibits admitted at trial. A complete record of trial would include these missing documents. Art. 54(c)(1)(B), UCMJ, 10 USC § 854(c)(1)(B); RCM 1103(b)(2)(D), Manual for Courts–Martial, United States (1995 ed.). *See United States v. Santoro*, 46 MJ 344 (1997).

■ In an unpublished opinion, the Court of Criminal Appeals found that the missing documents made the record "substantially incomplete," unpub. op. at 2, thus raising the rebuttable "presumption of prejudice." *See United States v. Gray*, 7 MJ 296, 298 (CMA 1979). Whether an omission from a record of trial is "substantial" is a question of law which we review *de novo.*

Upon review of the approved findings of guilty, we find no substantial omissions from the record of trial that could prejudice appellant. However, we find that the Government has failed to rebut this presumption of prejudice as to appellant's sentence. See Art. 59(a), UCMJ, 10 USC § 859(a).

■ With regard to the guilty determination, the verbatim record of trial conclusively establishes the proper preferral and referral to a SPCM. This record shows service of the charge on appellant subsequent to its referral. After appellant's guilty plea, the military judge conducted a thorough providence inquiry. RCM 910(c); *see also United States v. Care*, 18 USCMA 535, 40 CMR

247, 1969 WL 6059 (1969). The pretrial agreement (Appellate Exhibits I and II) was admitted and a meticulous inquiry by the military judge ensures us that appellant understood its ramifications. RCM 910(f).

■ Although the record of trial renders these omissions non-prejudicial as to the findings, the Government has failed to show that the same is true for appellant's sentence. Sentencing proceedings were brief. The Government introduced no evidence. Trial defense counsel introduced Defense Exhibits A, B, and C without further identification or any objection from opposing counsel. Appellant made an unsworn, seven-word statement: "That I'd like to go home, sir." Trial counsel argued that appellant lacked rehabilitation potential and should be separated from the Marine Corps and sent to confinement for not less than 75 days. Defense counsel argued for a sentence of 45 days' confinement. After pronouncing sentence, the military judge asked appellant about his appellate rights, ensured appellant understood them, and ordered that Appellate Exhibit III, appellant's signed appellate rights statement, be appended to the record of trial.

Unlike the court below, we will not "presume" what information was contained in Defense Exhibits A, B, and C. These exhibits were never referred to again after their introduction or otherwise identified in the record of trial. The failure to include Defense Exhibits A, B, and C in the record of trial constitutes a substantial omission. As the Government has failed to overcome the presumption of prejudice from the exhibits' absence or show their omission to be harmless error, appellant may not receive a sentence that includes a BCD. *See* Art. 19, UCMJ, 10 USC § 819; RCM 1103(b)(2)(B)(ii).

The Court of Criminal Appeals found, pursuant to its Article 66(c), UCMJ, 10 USC § 866(c)(1994), factfinding power that "a SJAR existed and was relied upon by the convening authority, in accordance with Article 60(d), Uniform Code of Military Justice, 10 USC § 860(d)(1994)." Unpub. op. at 3. Thus, this case is unlike the situation in *United States v. Mark*, 47 MJ 99, 100 (1997), where the lower court relied on a presump-

tion of regularity to find that the SJAR was published. As we have already determined that the absence of three defense exhibits from this record constitutes a substantial omission, we need not decide whether this particular SJAR's absence from the record, in and of itself, amounts to a substantial omission warranting relief.

We conclude that it is appropriate to finalize this case now in lieu of returning this record to the Court of Criminal Appeals for sentence reassessment and prolonging litigation which began with trial on February 23, 1994.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals as to findings and only so much of the sentence as provides for confinement for 75 days, forfeiture of $550.00 pay per month for 2 months, and reduction to pay grade E–1 (as suspended) is affirmed.

SULLIVAN, Judge (concurring in part and dissenting in part):

I agree with the majority that this court cannot affirm appellant's bad-conduct discharge where there is such an incomplete record. In the instant case, the record of trial is missing:

a. the charge sheet;

b. the court-martial convening order;

c. the Staff Judge Advocate's recommendation (SJAR); and

d. three defense exhibits used in sentencing.

However, I do not agree with the majority's giving appellant the windfall of permanently setting aside the bad-conduct discharge on the unsupported and vague basis of judicial economy. 53 MJ at 28. This unauthorized sentence relief is not fair to the Government and to the countless servicemen and women of the past who have been punished with a bad-conduct discharge for deserting their military units and duties or by going absent without leave. Why should this appellant be singled out to receive such generosity by the majority?

The crime of desertion and the crime of absence without leave (AWOL) have been recognized as serious crimes in the military for centuries because these crimes harm morale and sap the strength of the military. In the U.S. Civil War on the Union side it was observed:

> In 1863, actual desertions ran at more than forty-five hundred a month. In March alone, six hundred cases went to court-martial; throughout that year they averaged more than three hundred per month, and rose to nearly four hundred per month in 1864, as the actual monthly desertion rate peaked at seventy-three hundred. By January 1863, General Halleck estimated that almost 290,000 soldiers were absent from one cause or another, at least seventy-five thousand of them deserters. When caught and brought to trial, they accounted for exactly one-third of all courts-martial.

William C. Davis, *Lincoln's Men* 178 (The Free Press 1999).

In the present case, appellant left his unit at Camp Lejeune, North Carolina, without permission and was caught in Missouri 7 months later by civilian police officers.

Appellant pled guilty at his trial and, *inter alia*, received a bad-conduct discharge. As discussed above, the majority and I agree that it would not be lawful to affirm that bad-conduct discharge in view of the deficiencies in the record of the sentencing-clemency portion of his trial. But, in my view, it is equally not fair to simply void the bad-conduct discharge under the theory of judicial economy.

Black's Law Dictionary 851 (7th ed.1999) defines judicial economy as follows:

> *Judicial economy.* Efficiency in the operation of the courts and the judicial system; esp., the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources. ● A court can enter a variety of orders based on judicial economy. For instance, a court may consolidate two cases for trial to save the court and the parties from having two trials, or it may order a separate trial on certain issues if doing so would provide the opportunity to avoid a later trial that would be more complex and time-consuming.

Where is the duplication of effort saved here? How would the judiciary's time and effort be wasted by a remand by this Court to the convening-authority level where appellant can receive an opportunity to go through the missing portion of his case again. In my view, a remand under our case law is appropriate here, *e.g., see United States v. Mark,* 47 MJ 99 (1997). On remand, a new SJAR can also be prepared and appellant can have another chance to seek clemency with a new convening authority. That process would make sense and be fair in this case. Accordingly, I vote to reverse the court below on sentence and to remand this case to a new convening authority for a new sentencing hearing and full clemency process starting with preparation and service of a new SJAR on appellant. Fiat justitia et pereat mundus.