# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40012**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Sean M. DALEY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 January 2022

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged 3 December 2020 by GCM convened at Holloman Air Force Base, New Mexico. Sentence entered by military judge on 12 January 2021: Dishonorable discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Abbigayle C. Hunter, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with Appellant's pleas and pursuant to a plea agreement, a general court-martial composed of a military judge sitting alone found Appellant guilty of one specification of disobeying a lawful order, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; and one specification of sexual assault of a child, in violation of Article 120b, UCMJ, 10

U.S.C. § 920b.[1] As part of his plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. Appellant also agreed to plead guilty to the aforementioned charges and specifications.[2] The military judge sentenced Appellant to a dishonorable discharge, a total of 24 months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's sole assignment of error stems from initial omissions from the record of trial. Specifically, Appellant stated his "purported confession to [the Air Force Office of Special Investigations] and admissions to a confidential informant," Attachments 1 and 5, respectively, to Prosecution Exhibit 1, an agreed-upon stipulation of fact, were not included in the record. Appellant claims that because these were substantial omissions from the record of trial, he is entitled to sentence relief.

On 4 November 2021, this court granted a government motion to attach, which included a declaration from the trial counsel in this case along with the purported missing attachments from the stipulation of fact.[3] In his declaration, trial counsel stated he "reviewed the copy of the [r]ecord of [t]rial for the court-martial of [Appellant] that is maintained at Holloman AFB, New Mexico," and that the discs containing a copy of Attachments 1 and 5 are contained in that copy of the record. Appellant did not oppose this motion to attach. We considered the attachments to trial counsel's declaration to determine whether the omission of the exhibits from the record of trial was substantial, given that they were introduced as part of a prosecution exhibit during the court-martial and were required to have been included in the record; we did not consider the attachments as a means to complete the record. *See* Rule for Courts-Martial (R.C.M.) 1112(b)(6); *see also United States v. Perez*, No. ACM S32637, 2021

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Pursuant to the plea agreement, after the military judge found Appellant guilty of the two aforementioned offenses, two charges and three specifications were withdrawn and dismissed with prejudice: a charge and specification for wrongful communication of a threat, in violation of Article 115, UCMJ, 10 U.S.C. § 915; another specification of sexual assault of a child, in violation of Article 120b, UCMJ; and one charge and one specification of possession of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

[3] We considered the declaration and attachments to resolve this issue, which we find to be raised by the record. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (holding Courts of Criminal Appeals may consider affidavits when doing so is necessary for resolving issues raised by materials in the record).

CCA LEXIS 285, at *3–4 (A.F. Ct. Crim. App. 14 Jun. 2021) (unpub. op.) (returning an incomplete record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for reconstruction of the record, where a prosecution exhibit was incomplete).

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

"Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). A record of trial that is missing exhibits may be substantially incomplete. *See id.* at 27 (holding that the record was substantially incomplete for appellate review of the sentence, when all three defense sentencing exhibits were missing); *but see Henry*, 53 M.J. at 111 (holding that four missing prosecution exhibits were insubstantial omissions, when other exhibits of similar sexually explicit material were included). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

"In assessing either whether a record is complete or whether a transcript is verbatim, the threshold question is 'whether the omitted material was "substantial," either qualitatively or quantitatively.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)). "[O]missions are qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's case on the merits,' and 'the testimony could not ordinarily have been recalled with any degree of fidelity.'" *Id.* (quoting *Lashley*, 14 M.J. at 9). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (omission in original) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

When the issue of an incomplete record is raised, R.C.M. 1112(d)(2) states that "[t]he military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. All parties shall be given reasonable access to any court reporter notes or recordings of the proceedings."

There is no question that the authenticated record of trial provided to this court did not contain the two attachments to the stipulation of fact at issue. Looking at the entire record of this case, and having reviewed the two discs from the Government's motion to attach, we find the missing portions of the

stipulation of fact to be qualitatively substantial. Appellant's confession and admissions to the confidential informant provided key evidence and information contained within the stipulation of fact. Also, trial counsel specifically referred to both attachments in his argument. Therefore, we find it appropriate to return the record for correction. We defer consideration of whether the omissions are prejudicial, pending correction of the record of trial.

Accordingly, the record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), by reconstructing the portion of the affected exhibit. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court