# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40135** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Bradley D. LAMPKINS** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 12 August 2020, a military judge sitting as a general court-martial convicted Appellant, consistent with his pleas, of one charge and one specification of attempt to steal $9,999.00 (Charge I) in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880; one charge and two specifications of larceny (Charge II) in violation of Article 121, UCMJ, 10 U.S.C. § 921; and one charge and 43 specifications of making, drawing, or uttering check, draft, or order without sufficient funds (Charge III) in violation of Article 123a, UCMJ, 10 U.S.C. § 923a. The military judge sentenced Appellant to a dishonorable discharge, confinement for 540 days, reduction to the grade of E-1, and a reprimand.[*]

On 24 June 2022, Appellant filed his brief with this court setting forth assignments of error. In his brief, Appellant's second assignment of error asks whether the record of trial (ROT) is incomplete because it is missing the military judge's ruling on one of two legal issues trial defense counsel specifically preserved for appellate review. Specifically, the ROT is missing Appellate Exhibit (A.E.) XXVIII, the military judge's ruling on the Defense Motion to Dismiss for Speedy Trial. A review of the ROT confirms the military judge's ruling regarding speedy trial is missing.

The Government acknowledges the ROT does not include the military judge's ruling denying the defense's motion to dismiss for speedy trial. The Government argues that Appellant's requested remedy for correction pursuant

---

[*] Because Appellant was convicted of conduct spanning between on or about 28 October 2018 and on or about 7 August 2019, references in this order to the punitive articles of the UCMJ are to both the *Manual for Courts-Martial, United States* (2016 ed.) and the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). As charges were referred to trial after 1 January 2019, references to the Rules for Courts-Martial and all other UCMJ references are to the 2019 *MCM*.

to Rule for Courts Martial (R.C.M.) 1112(d)(2) is unwarranted, as the Government has provided the missing exhibit through a motion to attach with an accompanying declaration from appellate government counsel attesting to the exhibit's authenticity. We acknowledge the motion to attach was granted, but we do not agree that this cures the defect without the exhibit actually being incorporated into the ROT.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

Having reviewed the record, we find the omission of A.E. XXVIII, the military judge's ruling on the issue of speedy trial, is substantial.

R.C.M. 1112(d) provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for return of the record of trial to the military judge for correction. The court notes that R.C.M. 1112(d)(2) requires notice and opportunity for the parties to examine and respond to the proposed correction.

Accordingly, it is by the court on this 25th day of October, 2022,

**ORDERED:**

The record of trial is returned to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under R.C.M. 1112(d) to resolve a substantial issue with the post-trial processing, insofar as the military judge's ruling on speedy trial is missing from the ROT.

Thereafter, the record of trial will be returned to the court not later than **14 November 2022** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **10 November 2022** of the status of the Government's compliance with this order.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court