# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM S32719 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Damien K. WELSH** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 24 August 2021, a military judge sitting as a special court-martial convicted Appellant, consistent with his pleas in accordance with a plea agreement, of three specifications to the Charge of assault consummated by battery upon a spouse and one specification to the Additional Charge, also of assault consummated by battery upon a spouse, all in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The military judge sentenced Appellant to a bad conduct discharge, confinement for 95 days, reduction to the grade of E-1, forfeiture of $400.00 pay per month for three months, and a reprimand.

On 8 September 2022, Appellant filed his brief with this court setting forth assignments of error. In his brief, Appellant's first assignment of error asks whether the record of trial (ROT) is incomplete and raises a presumption of prejudice because it is missing all eight attachments to Prosecution Exhibit 1, the stipulation of fact. A review of the ROT confirms the eight attachments are missing.

The Government acknowledges the ROT does not include the eight attachments to Prosecution Exhibit 1. The Government argues that Appellant's requested remedy for correction pursuant to Rules for Courts Martial (R.C.M.) 1112(d)(2) is unwarranted as the Government has provided the missing attachments through a motion to attach with an accompanying declaration from the Assistant Trial Counsel at Appellant's court-martial attesting to the authenticity of the attachments as the same as were attached to Prosecution Exhibit 1 at trial. We acknowledge the motion to attach was granted, but we do not

---

[1] All references in this order to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

agree that this cures the defect without the exhibit actually being incorporated into the ROT.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id*. "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

Having reviewed the record, we find the omission of the eight attachments to Prosecution Exhibit 1, the stipulation of fact, is substantial.

R.C.M. 1112(d) provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for return of the record of trial to the military judge for correction. The court notes that R.C.M. 1112(d)(2) requires notice and opportunity for the parties to examine and respond to the proposed correction.

Accordingly, it is by the court on this 26th day of October, 2022,

**ORDERED:**

The record of trial is returned to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under R.C.M. 1112(d) to resolve a substantial issue with the post-trial processing, insofar as the eight attachments to Prosecution Exhibit 1, stipulation of fact, are missing from the ROT.[2]

Thereafter, the record of trial will be returned to the court not later than **16 November 2022** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

---

[2] We also note that while the charge sheet and the Statement of Trial Results correctly annotate the Charge as a violation of Article 128, UCMJ, the entry of judgment incorrectly annotates the Charge as a violation of Article 128a, UCMJ, *Maiming*.

If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **14 November 2022** of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court