# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40462** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Malik C. SIMMONS** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 3 March 2023, Appellant was convicted by a general court-martial at Minot Air Force Base, North Dakota, of one specification of possessing child pornography in violation on Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.* The military judge sentenced Appellant to a dishonorable discharge, confinement for 11 months, reduction to the grade of E-1, and a reprimand. The record of trial was docketed with this court on 16 May 2023. Upon this court's review of the record, we discovered Preliminary Hearing Officer (PHO) Exhibits 12–34 missing.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

On 16 May 2023, this court ordered the Government to show cause why the court should not remand this record for completion and correction of the record. On 1 June 2023, the Government responded to the court's order by requesting the court return the case to the Chief Trial Judge for correction. According to the Government, "A PHO report under Article 32, UCMJ, including its attachments, is not required content of a record of trial under R.C.M. 1112(b).

---

* All references in this order to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

However, under R.C.M. 1112(f)(1)(A), the PHO report is among those items the United States is required to attach to the record of trial."

Accordingly, it is by the court on this 5th day of June, 2023,

**ORDERED:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for PHO Exhibits 12–34, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **30 June 2023** unless a military judge or this court grants an enlargement of time for good cause shown. The Government will inform the court in writing not later than **22 June 2023** of the status of the Government's compliance with this order, unless the record of trial has already been returned to the court by that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court