# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40455**

————————————

**UNITED STATES**
*Appellee*

**v.**

**John D. KERSHAW**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 August 2024

————————————

*Military Judge*: Brian C. Mason (motions); Dayle P. Percle;[1] Lance R. Smith (motions and arraignment); Shad R. Kidd.

*Sentence*: Sentence adjudged on 16 December 2022 by GCM convened at Joint Base San Antonio-Fort Sam Houston, Texas. Sentence entered by military judge on 2 February 2023: Dishonorable discharge, confinement for 2 years, reduction to E-1, and a reprimand.

*For Appellant*: Major Kasey W. Hawkins, USAF; Major Frederick J. Johnson, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Olivia B. Hoff, USAF; Major Adam S. Love, USAF; Captain Ashley K. Torkelson, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and KEARLEY, *Appellate Military Judges*.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Judge KEARLEY joined.

————————————

---

[1] Pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

ANNEXSTAD, Senior Judge:

A general court-martial, consisting of officer and enlisted members, convicted Appellant, contrary to his pleas, of one specification of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, *Manual for Courts-Martial, United States* (2019 ed.).[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for two years, reduction to the grade of E-1, and a reprimand.

Appellant raises six issues on appeal which we have reworded: (1) whether Appellant's conviction is factually sufficient; (2) whether the military judge erred when he refused to ask a question from a court member; (3) whether the military judge erred by appointing an Article 6b, UCMJ, 10 U.S.C. § 806b, representative for the minor victim; (4) whether the record of trial is substantially incomplete; (5) whether the convening authority impermissibly considered race and gender when detailing members to Appellant's court-martial; and (6) whether as applied to this case, reference to 18 U.S.C. § 922 in the staff judge advocate's indorsement to the entry of judgment is unconstitutional because the Government cannot demonstrate that barring Appellant's possession of firearms is "consistent with the nation's historical tradition of firearm regulation" when he was not convicted of a violent offense.[3]

We find remand is necessary to address Appellant's fourth issue and agree in part with Appellant that the record of trial is substantially incomplete because it is missing verbatim audio recordings of the proceedings conducted on 25 April 2022, and verbatim audio recordings of the closed Mil. R. Evid. 412 hearings conducted on 13 December 2022. Consequently, we find that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other issues until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. DISCUSSION

Appellant contends that his record of trial is substantially incomplete because it is missing: (1) verbatim audio recordings of proceedings conducted on

---

[2] Unless otherwise noted, all references to the UCMJ, Military Rules of Evidence (Mil. R. Evid.), and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022).

25 April 2022, and verbatim audio recordings of the closed Mil. R. Evid. 412 hearings conducted on 13 December 2022; (2) documentation of the convening authority's process for selecting members that led to the production of Special Order A-29, Special Order A-33, and Special Order A-07; and (3) all of the charge sheets from Appellant's case. The Government concedes the record of trial is incomplete in that it is missing the audio recordings described *supra* and the documentation of the convening authority's process for selecting members that led to production of three of the four convening orders. However, the Government disagrees that the record is missing all the charge sheets from Appellant's case. The Defense requests, and the Government agrees, this court should return the record of trial to the military judge for correction.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review de novo." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

The contents of a record of trial shall include "[a] substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting" and "a copy of the convening order and any amending order." Rule for Courts-Martial (R.C.M.) 1112(b)(1), (3). "Court-martial proceedings may be recorded by videotape, audiotape, or other technology from which sound images may be reproduced to accurately depict the court-martial." R.C.M. 1112(a).

> If a record is incomplete or defective a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule.

R.C.M. 1112(d)(2).

We agree with the parties that the record of trial is substantially incomplete in that the record of trial does not include verbatim audio recordings of proceedings conducted on 25 April 2022, and verbatim audio recordings of the closed Mil. R. Evid. 412 hearings conducted on 13 December 2022. That said, we do not find the record of trial is incomplete due to the absence of documentation of the convening authority's process for selecting of members that led to

the production of Special Order A-29, Special Order A-33, and Special Order A-07, because R.C.M. 1112 only requires inclusion of the convening orders or any amending orders. Further, our review of the record supports the Government's position that all the charge sheets from Appellant's case are included in the record of trial.

In light of the above findings, we return the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), to address the missing substantially verbatim recordings of the court-martial proceedings.

## II. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record of trial; specifically, to ensure inclusion of the missing verbatim audio recordings discussed *supra*, and any other portion of the record that is determined to be missing or defective hereafter. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d).

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d), not later than **12 September 2024.**

Any subsequent assignment of error filing must be submitted by Appellant **not later than 30 days** after the record is returned to the court. *See* JT. CT. CRIM. APP. R. 32. Any answer must be submitted by Appellee **not later than 15 days** from the filing of any additional assignment(s) of error. *See id*. Appellant must submit a reply, if any, **not later than seven days** after the filing of an answer brief. *See* JT. CT. CRIM. APP. R. 18(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

4