# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40654** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Joshua L. ANDERSON** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 21 April 2025, Appellant moved this court to grant a Consent Motion to Examine Sealed Materials and Transmit to Civilian Counsel.

As part of the court's review of the record of trial, it discovered several discrepancies in the record of trial causing the court to order, on 23 April 2025, the Government to show cause "as to why this court should not remand the record of trial for correction under Rule for Courts-Martial 1112(d), or take corrective action." We specifically listed several attachments missing from Appellate Exhibits XVII, XXIII, LXIII, and LXIV. *See* court's show cause order of 23 April 2025.[*]

Also on 23 April 2025, under a separate order and in response to Appellant's 21 April 2025 motion, the court granted appellate defense counsel and appellate government counsel permission to view the sealed materials currently in the record of trial, and transmittal to Appellant's civilian appellate counsel.

On 7 May 2025, the Government responded to the court's 23 April 2025 show cause order stating, "United States respectfully requests this Court remand the record for correction" for the missing attachments "from Appellate Exhibits XVII, XXIII, LXIII, and LXIV."

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id*. "Whether an omission

---

[*] The Government correctly identified that Appellate Exhibit LXIII was misidentified in the court's show cause order as Appellate Exhibit LXII. It is Appellate Exhibit LXIII that requires the corrections noted in our show cause order.

from a record of trial is 'substantial' is a question of law which [appellate courts] review de novo." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000).

We grant the requested relief in our decretal paragraph below by ordering the record be remanded for a trial judge to include the missing attachments from Appellate Exhibits XVII, XXIII, LXIII, and LXIV, and after affording the parties an opportunity to examine and respond to any proposed corrections, to sign a certificate of correction.

Accordingly, it is by the court on this 8th day of May, 2025,

**ORDERED:**

Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under Rule for Courts-Martial 1112(d) to include in Appellant's record of trial the missing attachments from Appellate Exhibits XVII, XXIII, LXIII, and LXIV, as listed in this court's 23 April 2025 show cause order (with correction at n.\* *supra*), and any other matters that require correction.

Thereafter, the record of trial will be returned to this court **not later than 7 June 2025** for completion of its appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than 7 June 2025 of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court