# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM 24044 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Malik J. ROBINSON** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | Panel 1 |

On 4 June 2025, Appellant filed a consent motion for leave to file a motion for remand and a consent motion for remand. The reason for Appellant's request to remand the case back to the Chief Trial Judge of the Air Force Trial Judiciary for correction is that in his review of his record, the disc purporting to contain the audio of his court martial "cannot be reviewed because it is saved in a format which cannot be opened[.]" The Government consents to both motions.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id*. "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

The contents of a record of trial shall include "[a] substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting." Rule for Courts-Martial (R.C.M.) 1112(b)(1). "Court-martial proceedings may be recorded by videotape, audiotape, or other technology from which sound images may be reproduced to accurately depict the court-martial." R.C.M. 1112(a).

> If a record is incomplete or defective a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule.

R.C.M. 1112(d)(2).

Accordingly, it is by the court on this 6th day of June, 2025,

**ORDERED:**

Appellant's consent motion for leave to file a motion for remand is **GRANTED.**

Appellant's consent motion for remand is also **GRANTED.** The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the inaudible portions of trial audio recordings. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **9 July 2025** unless a military judge or this court grants an enlargement of time for good cause shown. The Government will inform the court in writing not later than **7 July 2025** of the status of the Government's compliance with this order, unless the record of trial has already been returned to the court by that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court