# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLOR, POND, and STEELE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DAVID M. JOHNSON**
**United States Army, Appellant**

ARMY 20240341

Headquarters, Fort Carson
Jacqueline L. Emanuel, Military Judge
Lieutenant Colonel John B. Haberland, Special Trial Counsel

For Appellant: Major Beau O. Watkins, JA; Captain Louis S. Steiner, JA.

For Appellee: Lieutenant Colonel K. M. Bohlke, JA.

5 September 2025

------------------------------------------
OPINION OF THE COURT
------------------------------------------

FLOR, Chief Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for 6 months, and reduction to the grade of E-1.[2]

---

[1] As a part of the plea agreement, appellant pled not guilty to Specification 3 of Charge I, distribution of child pornography in violation of Article 134, UCMJ. The government then moved to dismiss this specification, without prejudice, to ripen into prejudice upon completion of appellate review.

[2] The military judge sentenced appellant to three months of confinement for Specification 1 and three months of confinement for Specification 2; to run consecutively.

On appeal before this court, appellant submitted his case for review on its merits.[3] The record received from Fort Carson, Colorado, was missing Prosecution Exhibits 3 and 4, discs containing the child pornography at issue. As a part of his plea agreement, appellant agreed to the admission of these exhibits in the stipulation of fact. This court ordered the production of these exhibits.

We write this opinion to remind practitioners there is no requirement to introduce child pornography into the record when the accused pleads guilty to the offense. We affirm the findings of guilty and the sentence.

## BACKGROUND

Appellant uploaded child sexual abuse materials (CSAM) onto Snapchat. After an investigation revealed appellant possessed four photos of child pornography and two videos of child pornography, he agreed to plead guilty at a general court-martial. The plea agreement required appellant to "[e]nter into a stipulation of fact establishing the elements of the offense(s) to which the [appellant] is agreeing to plead guilty."

Appellant signed the stipulation of fact, which in relevant parts: 1) described each of the four photos and two videos of child pornography in detail; and 2) waived any objection to the admissibility of Prosecution Exhibits 3 and 4. Prosecution Exhibit 3 is described in the stipulation of fact as "Photos Depicting Child Sexual Abuse found on the [appellant's] phone." Prosecution Exhibit 4 is described in the stipulation of fact as "Video (sic) Depicting Child Sexual Abuse found on the [appellant's] phone."

Prosecution Exhibits 3 and 4 were offered and admitted during the government's sentencing case. The trial counsel, as a part of the sentencing argument, referenced these exhibits, "[a]s Your Honor will see, and when you view the four photos and two videos found on [appellant's] personal cell phone, these are

---

[3] We have also considered the allegation of post-trial delay personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find this allegation neither warrants discussion nor relief. We do agree with appellant that there is a scrivener's error in the transcript of the record of trial where the military judge announced the sentence. The transcript states "For Specification 12 of Charge I" instead of "For Specification 2 of Charge I." A review of the audio recording of the trial shows that the military judge clearly announced "For Specification 2 of Charge I." The Statement of Trial Results, incorporated into the Entry of Judgment, is also correct. Because the official record of trial is the "verbatim recording of the court-martial proceedings," and not the transcript, we find this scrivener's error to be harmless. *See* Rule for Courts-Martial 1112(b)(1).

not depictions of pornography. These photos and videos do not depict adults[,] and they do not depict consent."

As mentioned above, these exhibits were not attached to the record of trial. This court ordered the production of these exhibits. After a search, the government located these two exhibits in a CID evidence locker, still marked as Prosecution Exhibits 3 and 4. The exhibits were received by this court.

## LAW AND DISCUSSION

"During a guilty plea inquiry, the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). Appellate courts review the adequate basis in law and fact through the substantial basis test–"whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* at 322.

"[T]here is no requirement to introduce images of child pornography into the record when an accused pleads guilty to the offense." *United States v. Guy*, ARMY 20180292, 2019 CCA LEXIS 129, at *1 (Army Ct. Crim. App. 21 Mar. 2019) (mem. op.).[4] In other words, "no independent proof of the accused's guilt is required." *Id.*, at *2. While *Guy* did not stand for the proposition that the government is precluded from introducing child pornography into the record at a guilty plea, it highlighted several points the government should consider before it introduces child pornography: (1) no independent proof of the accused's guilt is required—only the factual circumstances as revealed by the accused himself objectively support that plea; (2) evidence apart from the plea colloquy and stipulation of fact cannot save a factually deficient plea; (3) child pornography is contraband akin to illegal narcotics, and there is never a need to introduce narcotics into the record to accept a guilty plea; (4) as contraband, special sealing and treatment requirements impose additional burdens and risks of unintentional bureaucratic slip-ups; (5) child pornography can be described in the stipulation of fact in sufficient detail so as to not require the inclusion of the images and videos themselves; (6) child pornography

---

[4] This court recently addressed the same issue in *United States v. Wright*, ARMY 20230333, 2025 CCA LEXIS 353 (Army Ct. Crim. App. 29 Jul. 2025) (mem. op.). Despite a lengthy, seventeen-page description of the child pornography in the stipulation of fact, and despite the military judge ensuring that the government had read *Guy* and that the Staff Judge Advocate was aware of their decision, the government still moved to introduce the images and videos of child pornography into the record during sentencing. The trial counsel declined to put his justification on the record for including the child pornography. *Id.*, at *14.

involves real people who "are done no great service when images of their rape as a child are needlessly included in a record for strangers to review[;]" and; (7) the accused himself is not required to view the child pornography in court in order to plead guilty. *Id.*, at *2-5.

In this case, a bureaucratic slip-up did indeed occur. The exhibits containing child pornography were not attached to the record of trial. If the exhibits had not been located by the government, appellant then would have a claim of an incomplete record of trial. *See, e.g., United States v. Tate*, 82 M.J. 291 (C.A.A.F. 2021); *see also United States v. Stoffer*, 53 M.J. 26 (C.A.A.F. 2000). It also could have raised concerns of lost or unaccounted for contraband—a potential criminal offense that would unnecessarily have been introduced into the appellate process.

On the other hand, as evidenced by the trial counsel's sentencing argument, the government could have weighed the factors mentioned in *Guy* and decided that introducing the child pornography into the record was a necessary act in order to convince the military judge that appellant's crimes were severe enough to warrant a significant sentence despite the description contained in the stipulation.[5] In this case, the government agreed to a sentencing range of 6 months to 9 months of confinement. This court questions that such a limited sentencing range necessitates introduction of the child pornography into the record, particularly when the maximum sentence allowed for the offense of possession of child pornography is 10 years confinement per specification.

This court is convinced that the descriptions of the child pornography contained in the stipulation of fact were of sufficient detail to establish "an adequate basis in law and fact to support" the appellant's guilty plea without requiring the introduction of the actual photos and videos themselves. *Inabinette*, 66 M.J. at 321-322.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge POND and Judge STEELE, concur.

---

[5] "It is not for this court to tell litigators what evidence they should or should not introduce . . . the government may have a legitimate interest in admitting the images or videos as aggravation evidence on sentencing." *Guy*, 2019 CCA LEXIS 129, at *6.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court