# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40921** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Shakib S. RAHMAN,** | ) | |
| **Senior Master Sergeant (E-8)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 23 February 2026, counsel for Appellant moved this court for both parties to examine sealed material in Appellant's case, specifically Appellate Exhibits II, V, VI, VII, VIII, XVIII, XXIII, XXIV, XXV, XXIX, XXXII; and trial transcript pages 50–85, 139–43, 170–84, 423–30. The Government responded that it did not oppose Appellant's motion "so long as both parties are permitted to examine the sealed material."

Upon the court's review of the requested sealed material, we discovered that none of the sealed transcript pages are in the record of trial. Instead, the record of trial includes a page inserted before the start of each closed session that reads: "The closed session pages [  ] have been removed and sealed and follow the original record of trial." The court possesses the original record of trial, but the transcript pages are erroneously omitted.

Rule for Courts-Martial (R.C.M.) 1112(b), *Manual for Courts-Martial, United States* (2024 ed.) (2024 *MCM)*, provides, *inter alia*, "[t]he record of trial in every general and special court-martial shall include . . . [a] substantially verbatim recording of the court-martial proceedings . . . ."

 "A certified verbatim transcript of the record of trial *shall be prepared* . . . [w]hen the judgment entered into the record includes . . . a dishonorable or bad-conduct discharge." R.C.M. 1114(a)(1) (2024 *MCM*) (emphasis added). Appellant was sentenced, *inter alia*, to a dishonorable discharge.

"A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2) (2024 *MCM*). A Court of Criminal Appeals "may return a record of trial to the military judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. *Id.* The military judge may take corrective action by, *inter alia*, "reconstructing the portion of the record affected." R.C.M. 1112(d)(3)(A)

(2024 *MCM*). Department of Air Force Instruction (DAFI) 51-201, *Administration of Military Justice,* ¶ 21.15 (24 Jan. 2024), reinforces that "[a] defective or incomplete ROT is corrected in accordance with R.C.M. 1112(d). A Certificate of Correction is prepared and certified by the military judge detailed to the case."

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). "Whether an omission from a record of trial is 'substantial' is a question of law which [appellate courts] review *de novo*." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999).

Therefore, we return the record of trial back to the Chief Trial Judge, Air Force Trial Judiciary, in order to include the missing transcript pages described above, and to verify that audio recordings of the proceedings both open and closed are also included in the record of trial.

Accordingly, it is by the court on this 6th day of March, 2026,

**ORDERED:**

Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record by inserting **transcript pages 50–85, 139–43, 170–84, and 423–30** into the record, and to ensure **the remainder of the record** is complete, to include, but not limited to, audio recordings for both open and closed sessions.

Thereafter, the record of trial will be returned to this court **not later than 27 March 2026** for completion of its appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

If the record cannot be returned to the court by that date, the Government will inform the court in writing **not later than 25 March 2026** of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court